IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-CR-24-RLJ-DCP |
| | ) | |
| | ) | |
| BOBBY BAUCUM, ET AL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. On November 16, 2020, the Court held a telephonic motion hearing on the Motion by the Defendant Bobby Baucum to Continue the Trial Date and All Related Deadlines [Doc. 97], filed on November 9, 2020. Assistant United States Attorney Alan Scott Kirk appeared by telephone on behalf of the Government. The following defense counsel also appeared by telephone: Attorney Michael B. Menefee appearing on behalf of Attorney Mark E. Brown, who represents Defendant Bobby Baucum; Attorney Stephen G. McGrath for Defendant Brian Moss; and Attorney John Christopher Barnes for Defendant Lisa Bullock. All Defendants were excused from this hearing.

Defendant Baucum asks the Court to continue the December 8, 2020 trial date and all related deadlines, because his attorney is scheduled for another federal trial on that same day [Doc. 97]. Additionally, the motion states that the parties are exploring a possible resolution of the case, and a continuance would give time to resolve the case without a trial. Finally, the

motion notes that a named codefendant has yet to appear. The motion relates that the Defendant has discussed the motion with counsel and agrees to the continuance and its "effect on his Speedy Trial rights." The motion also states that the Government does not object to the requested continuance.

At the telephonic motion hearing, Mr. Menefee informed the Court that Mr. Brown, whom the Court appointed to represent Defendant Baucum, is extremely ill and has been hospitalized twice recently. Mr. Menefee stated that a trial continuance is necessary to permit Mr. Brown to recover and to prepare for trial. Mr. McGrath stated that Defendant Moss was arraigned earlier that day. He said Defendant Moss adopts the motion to continue, because he needs time to review the discovery, to meet with his client, and to prepare for trial. Mr. Barnes stated that Defendant Bullock takes no position on the motion. He said that Defendant Bullock has turned in a plea agreement, which has yet to be filed in the record. AUSA Kirk confirmed that the Government does not oppose the motion.

The Court finds Defendant Baucum's motion to continue the trial is joined by Defendant Moss and not opposed by Defendant Bullock or the Government. The Court also finds that the ends of justice served by continuing the trial outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Defendants are charged with conspiring with each other, five additional named codefendants,[1] and unnamed others to distribute methamphetamine (Count 1) over a sixteen-month period [Doc. 75, redacted]. They are also charged with conspiring to launder the proceeds of the methamphetamine conspiracy (Count 7). Additionally, Defendant Baucum is charged with the possession of methamphetamine with intent to distribute (Counts 2, 5, & 6). Defendant Moss is charged with distributing methamphetamine

---

[1] One Defendant charged in this case has not appeared and remains sealed.

(Count 4). Defendant Moss first appeared in this district for arraignment on the charges on November 16, 2020. The Court finds that counsel for Defendant Moss will need time to review the discovery, to investigate the facts of the case, to confer with the Defendant, to litigate pretrial motions, and to prepare the case for trial. Given the serious nature of the charges and the number of codefendants, the Court finds counsel cannot adequately prepare in the three weeks remaining until the trial date. Thus, the failure to continue the December 8 trial would deprive defense counsel of the reasonable time necessary to prepare the case for trial, even considering his acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Additionally, the Court finds that the trial preparations of counsel for Defendant Baucum have been impeded by a serious illness. Moreover, defense counsel is scheduled for another federal trial on December 8, 2020. Accordingly, the Court finds that without a continuance, Defendant Baucum would be unreasonably deprived of the continuity of counsel, who cannot proceed to trial in this case on December 8. 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant Baucum's Motion to Continue Trial [**Doc. 97**], which is joined by Defendant Moss, is **GRANTED**, and the trial of this matter is reset to **May 11, 2021**. The Court also finds that all the time between the filing of the motion on November 9, 2020 and the new trial date of May 11, 2021, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The parties agreed to a new schedule in this case, which is set out below.

Accordingly, it is **ORDERED**:

    (1) Defendant Baucum's Motion to Continue Trial [**Doc. 97**] is **GRANTED**. Defendant Moss's oral motion to join in this motion is also **GRANTED**;

(2) The trial of this matter is reset to commence on **May 11, 2021**, at **9:00 a.m.**, before the Honorable R. Leon Jordan, United States District Judge;

(3) All time between the filing of the motion on **November 10, 2020**, and the new trial date of **May 11, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The motion deadline is extended to **December 16, 2020**. Responses to motions are due on or before **January 6, 2021**;

(5) The undersigned will hold a motion hearing on all pending pretrial motions on **January 20, 2021, at 10:00 a.m.** Whether this hearing will be in person or by video or telephone conference will be determined closer in time to the hearing;

(6) The deadline for filing a plea agreement in the record is **April 9, 2021**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **April 26, 2021, at 11:00 a.m.** This date is also the deadline for filing motions *in limine* and providing reciprocal discovery; and

(8) Special requests for jury instructions are due on or before **April 30, 2021**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

/s/ Debra C. Poplin
Debra C. Poplin
United States Magistrate Judge